# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Richmond Division



FILED
DEC 10 2007
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | Case Number: 3:07CR00274-004 |
| | USM Number: 33765-183 |
| MICHAEL VICK, a/k/a "Ookie," Defendant. | Defendant's Attorney: Lawrence H. Woodward, Jr., Esquire and William R. Martin, Esquire |

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Indictment. The defendant is adjudicated guilty of this offense:

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18:371 | CONSPIRACY TO TRAVEL IN INTERSTATE COMMERCE IN AID OF UNLAWFUL ACTIVITIES AND TO SPONSOR A DOG IN AN ANIMAL FIGHTING VENTURE | Felony | 4/25/2007 | One (1) |

The defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

12/10/2007
Date of Imposition of Judgment

/s/
Henry E. Hudson
United States District Judge

Dec 10, 2007
Date

Case Number:     3:07CR00274-004
Defendant's Name:     MICHAEL VICK

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TWENTY-THREE (23) MONTHS.

The Court makes the following recommendations to the Bureau of Prisons:
    [1] Substance abuse treatment consistent with the defendant's designation;
    [2] Designate the defendant to a facility in the Tidewater, Virginia area.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case Number:       3:07CR00274-004
Defendant's Name:  MICHAEL VICK

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation , it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the next page:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number:          3:07CR00274-004
Defendant's Name:     MICHAEL VICK

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the probation officer.

2) The defendant shall provide the probation officer with access to requested financial information.

3) The defendant shall participate in a program approved by the Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding treatment in order to allow the release of information to the probation officer and authorize communication between the probation officer and the treatment provider.

4) The defendant shall pay the balance owed on any court-ordered financial obligations in monthly installments of not less than $500.00, starting 60 days after supervision begins until paid in full.

5) The defendant shall not engage in the purchase, posession, or sale of any canine.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case — Page 5 of 6
Sheet 5 - Criminal Monetary Penalties

Case Number:      3:07CR00274-004
Defendant's Name: MICHAEL VICK

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One (1) | $100.00 | $5,000.00 | SEE Restitution Judgment |
| **TOTALS:** | **$100.00** | **$5,000.00** | |

# RESTITUTION

SEE Restitution Judgment entered by the Court on December 10, 2007 (attached).

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  Page 6 of 6
Sheet 6 - Schedule of Payments

Defendant's Name: **MICHAEL VICK**
Case Number: 3:07CR00274-004

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Payment to begin immediately.

Payment during the term of supervised release will commence 60 days after the start of supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 3:07CR274 |
| | ) | |
| MICHAEL VICK, | ) | |
| | ) | |
| Defendant. | ) | |

**RESTITUTION JUDGMENT**

1. Pursuant to the agreement contained in paragraph 8 of the defendant's Plea Agreement, MICHAEL VICK is sentenced to pay $928,073.04 as restitution for the past, present, and long term care of all dogs which were previously the subject of the civil action known as <u>United States v. Approximately 53 Pit Bull Dogs</u>, Case No. 3:07CV397.

2. The amount of restitution and recipients are set forth in Exhibit A. The amount of restitution shall not exceed any recipient's total expenses associated with the care and maintenance of the dogs. In the event a recipient determines that it has received an overpayment, such excess funds shall be immediately returned to the court registry for refund to the defendant.

3. Restitution is due immediately. This Court understands that the restitution funds are already in an escrow account. These funds shall be immediately paid to the court registry for disbursement in accordance with Exhibit A.

4. The restitutuion payment shall be made to the Clerk of Court, United States District Court, Lewis F. Powell, Jr. Courthouse Bldg., 1000 E. Main Street, Richmond, Virginia 23219.

ENTERED this 10th day of December, 2007.

at Richmond, Virginia.

/s/
**Henry E. Hudson**
**United States District Judge**

United States of America v. Michael Vick, Case No. 3:07CR274
Restitution Judgment, page 2

| WE ASK FOR THIS: | SEEN AND AGREED ON BEHALF OF DEFENDANT MICHAEL VICK: |
|---|---|
| Chuck Rosenberg<br>United States Attorney | |
| */s/ Michael Gill*<br>Michael Gill<br>Assistant United States Attorney | */s/ William Martin*<br>William Martin<br>Counsel for Defendant |
| */s/ Brian L. Whisler*<br>Brian L. Whisler<br>Assistant United States Attorney | */s/ Larry Woodward*<br>Larry Woodward<br>Counsel for Defendant |



GOVERNMENT EXHIBIT A (Redacted)

Stipends Due to Animal Rescue Organizations/Sanctuaries for Long Term Care of Dogs
(to be paid directly to Animal Rescue Organizations/Sanctuaries) REDACTED VERSION

| Animal Rescue Organization/Sanctuary | Number of Sanctuary Dogs ($18,275 each) | Number of Foster Care Dogs ($5,000 each) | Total Number of Dogs | Total Stipend to Be Paid |
|---|---|---|---|---|
| Best Friends Animal Society<br>c/o Francis Battista<br>5001 Angel Canyon Road<br>Kanab, Utah 84741<br>Ph:<br>Tax ID # | 21 (total $383,775) | 1 ($5,000) | 22 | $388,775 |
| BAD RAP Bay Area Doglovers Responsible About Pit Bulls<br>c/o Donna Reynolds, Executive Director<br>3059 Richmond Blvd<br>Oakland, CA 94611<br>Ph:<br>Tax ID# | 1 ($18,275) | 9 (total $45,000) | 10 | $63,275 |
| SPCA of Monterey County<br>c/o Lisa Hoefler, Director of Operations<br>P.O. Box 3058<br>Monterey, CA 93942<br>Ph:<br>Tax ID# | 0 | 3 (total $15,000) | 3 | $15,000 |
| Recycled Love, Inc.<br>Karen Reese, Vice President<br>3120 Grindon Avenue<br>Baltimore, MD 21214<br>Ph:<br>Tax ID# | 2 (total $36,550) | 1 ($5,000) | 3 | $41,550 |

| | | | |
|---|---|---|---|
| Animal Rescue of Tidewater<br>Susan Corbitt, Foster Care Coordinator, Board Member<br>1517 Elm Avenue<br>Chesapeake, VA 23325<br>Ph:<br><br>Tax ID# | 0 | 1 ($5,000) | $5,000 |
| Georgia Society for the Prevention of Cruelty to Animals<br>Joan Sammond, Executive Director<br>1175 Hwy 23, Suite 109<br>Suwanee, GA 30024<br>Ph:<br><br>Tax ID# | 1 ($18,275) | 2 (total $10,000) | $28,275 |
| OUR PACK, Inc.<br>Marthina McClay<br>14256 Lora Dr.<br>Los Gatos, CA 95032<br>Ph:<br><br>Tax ID# | 0 | 1 ($5,000) | $5,000 |
| Richmond Animal League, Inc.<br>Sharon Cornett, Treasurer, Director<br>11401 International Drive<br>Richmond, VA 23236<br>Ph:<br><br>Tax ID # | 0 | 4 ($20,000) | $20,000 |
| **TOTALS** | 25 dogs ($456,875) | 22 dogs ($110,000) | $566,875 |

Reimbursable Expenses to be Paid to the U.S. Marshals Service
(for purposes of reimbursing the Assets Forfeiture Fund)

| Expense Description | FY 2007 Expenses | FY 2008 Anticipated Expenses (thru 12/31/07) | Total Expenses |
|---|---|---|---|
| ASPCA Behavioral Assesssment | $31,050.69 | No FY 2008 Expenses | $31,050.69 |
| Care/Feeding of Dogs (Chesapeake, VA) | $11,596.00 | $6,996.00 | $18,592.00 |
| Care/Feeding of Dogs (Hopewell, VA) | $930.00 | $552.00 | $1,482.00 |
| Care/Feeding of Dogs (Hanover County, VA) | $3,458.00 | $1,980.00 | $5,438.00 |
| Care/Feeding of Dogs (Suffolk, VA) | $7,725.00 | $1,800.00 | $9,525.00 |
| Care/Feeding of Dogs (Surry County, VA) | $3,025.00 | No FY 2008 Expenses | $3,025.00 |
| Care/Feeding of Dogs (Sussex County, VA) | $31,832.71 | $7,143.00 | $38,975.71 |
| Care/Feeding of Dogs (Virginia Beach, VA) | $3,283.35 | $12,001.29 | $15,284.64 |
| Care/Feeding of Dogs (Washington Animal Rescue League) | N/A | $22,325.00 | $22,325.00 |
| Transportation of 16 dogs to foster care and associated foster care costs | N/A | $90,500.00 | $90,500.00 |
| Special Guardian (Hourly Rate/Travel Expenses) | N/A | $100,000.00 | $100,000.00 |
| Transportation of Dogs to Sanctuary | N/A | $25,000.00 | $25,000.00 |
| TOTALS | $92,900.75 | $268,297.29 | $361,198.04 |

*NOTE: $361,198.04 payable to "USDA c/o USMS" with notation "Vick Reimbursement" for purposes of reimbursing the Assets Forfeiture Fund for costs incurred by USDA.